UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PACIFIC WESTEEL RACKING INC.,
ZURICH INSURANCE COMPANY, and
ZURICH NORTH AMERICA,

    Plaintiffs,

- against -

EVANSTON INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE
COMPANY OF LOUISIANA, FALCON
STEEL STRUCTURES, INC., and
ALBERTO GABRIEL HERNANDEZ,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/08

**OPINION AND ORDER**

06 Civ. 14243(PKL)

**APPEARANCES**

MELITO & ADOLFSEN, P.C.
Tania Ann Gondiosa, Esq.
233 Broadway
New York, NY 10279

Attorney for Plaintiffs


BABCHIK & YOUNG LLP
Jack Babchik, Esq.
Jordan Marc Sklar, Esq.
200 East Post Road
White Plains, NY 10601

Attorney for Defendant Evanston Insurance Company

**LEISURE, District Judge:**

Plaintiffs Pacific Westeel Racking Inc. ("Pacific"), Zurich Insurance Company ("Zurich"), and Zurich North America ("Zurich NA") (collectively "plaintiffs"), brought this declaratory judgment action for insurance coverage against defendants Evanston Insurance Company ("Evanston"), National Union Fire Insurance Company of Louisiana ("National Union"), Falcon Steel Structures, Inc. ("Falcon"), and Alberto Gabriel Hernandez ("Hernandez"). Plaintiffs filed this action in the Supreme Court for the State of New York, County of New York. Defendants removed the action to this Court based on diversity jurisdiction. Plaintiffs move pursuant to 28 U.S.C. § 1447(c) to remand this action to state court on the ground that not all of the defendants timely consented to removal. For the reasons set forth below, plaintiffs' motion to remand is GRANTED.

**BACKGROUND**

Pacific, Zurich, and Zurich NA brought this action in the Supreme Court for the State of New York, County of New York on November 3, 2006 against Evanston, National Union, Falcon, and Hernandez. Plaintiffs seek a declaratory judgment regarding defense and indemnification obligations under insurance policies issued by Evanston and National

1

Union. This action arises out of a personal injury suit brought by Hernandez against Pacific and other defendants, which is pending in the Southern District of New York.

Evanston was served with the summons and declaratory judgment complaint, via the New York State Insurance Department, on November 9, 2006, and admits receiving them on November 20, 2006. Hernandez was served on November 13, 2006. National Union was served via the New York State Insurance Department on November 14, 2006. Falcon was served on December 15, 2006.

On December 6, 2006, Evanston filed a notice of removal to remove the action to this Court, asserting diversity jurisdiction. Evanston did not indicate that any other defendants had provided written consent to the removal. In a letter dated December 26, 2006, Evanston requested written consent to the removal from Hernandez, National Union, and Falcon. (Gondiosa Aff. Ex. I.) Hernandez and National Union subsequently provided their written consent. (Sklar Aff. Exs. C-D.)

On January 4, 2007, plaintiffs filed a motion to remand, asserting that removal was improper because not all of the defendants timely consented to removal. Evanston filed its opposition papers on January 23, 2007. Plaintiffs replied on February 9, 2007.

## DISCUSSION

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Market Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996)("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941))). Therefore, "removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Berrios v. Our Lady of Mercy Med. Ctr., No. 99 Civ. 21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999)(quoting Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)). The removing party bears the burden of proving that it has met the requirements for removal. See Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004)(citing Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998)); see also NASDAQ Market Makers, 929 F. Supp. at 178.

Under 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the "rule of unanimity." Smith, 2004 WL 728542, at *2-3 (citing Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 476-77 (S.D.N.Y. 2001)); Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999)(collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding this principle). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998)(quoting Michaels v. New Jersey, 955 F. Supp. 315 (D.N.J. 1996)); see also Payne, 172 F. Supp. 2d at 477 (noting that "the majority of courts interpret 'consent' to mean that each defendant must submit written consent unambiguously agreeing to removal"); Ell, 34 F. Supp. 2d at

193 (stating that "'unambiguous written evidence of consent' by all defendants is required" (quoting Codapro, 997 F. Supp. at 325)). The exceptions to this rule are where "(i) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (ii) the non-joining defendants are nominal parties; or (iii) the removed claim is a separate and independent cause of action as defined by 28 U.S.C. § 1441(c)."[1] Anglada v. Roman, No. 06 Civ. 10173, 2006 WL 3627758, at *1 (S.D.N.Y. Dec. 12, 2006)(citing Varela v. Flintlock Construction, Inc., 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001)).

Plaintiffs argue that the removal procedure was defective because not all of the defendants timely consented to removal. After being served via the New York State Insurance Department on November 9, 2006, Evanston admits receiving the summons and declaratory judgment complaint on November 20, 2006. (Def.'s Opp. at 1.) Therefore, plaintiffs assert that Evanston had until December 20 -- thirty days after November 20 -- to file its notice of removal with the written consent of all defendants that already had been served. Evanston filed

---

[1] The third exception does not apply here because removal was based on diversity jurisdiction.

5

its notice of removal on December 6, without the written consent of any other defendants. Therefore, plaintiffs assert, this action should be remanded to state court.

In opposition, Evanston claims that the first two exceptions to the rule of unanimity apply. First, Evanston asserts that because Hernandez, National Union, and Falcon are "merely nominal or formal parties," their consent was not required. (Def.'s Opp. at 4.) Second, Evanston argues that because its counsel was not assigned to this case until the end of November 2006, Evanston was not able to obtain its co-defendants' consent in the short amount of time before notice was due. (Def.'s Opp. at 6.) Third, Evanston states that because Falcon had not been served at the time that its notice of removal was filed, Falcon's consent was not necessary. (Def.'s Opp. at 7.) Finally, Evanston claims that Falcon could not have consented because as a corporation it could only act through counsel, but had not yet appeared through counsel in this action. (Def.'s Opp. at 7.)

Under the rule of unanimity, Evanston was required to obtain "unambiguous written evidence of consent," Codapro, 997 F. Supp. at 325, from its co-defendants. As discussed above, however, there are three exceptions to this rule,

6

only two of which may apply here. See Anglada, 2006 WL 3627758, at *1 (citing Varela, 148 F. Supp. 2d at 300).

A defendant need not obtain consent if "the non-joining defendants have not been served with service of process at the time the removal petition is filed." Anglada, 2006 WL 3627758, at *1 (citing Varela, 148 F. Supp. 2d at 300). As Evanston properly notes, Falcon was not served until after Evanston's notice of removal was filed. Therefore, the first exception to the rule of unanimity applies to Falcon and its consent was not required.

The second exception states that consent is not required if "the non-joining defendants are nominal parties." Id. "The burden of proving a party is nominal falls on the party who is claiming nominal status." Zerafa v. Montefiore Hosp. Housing Co., Inc., 403 F. Supp. 2d 320, 325 (S.D.N.Y. 200). "A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf as the case may be." Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981); see also Zerafa, 403 F. Supp. 2d at 325 ("A party is deemed nominal if, based on the substantive law of the state where the

7

federal court sits, no cause of action could be stated against him.").

Evanston asserts that Hernandez, Falcon,[2] and National Union all are nominal parties. (Def.'s Opp. at 4-5.) Evanston claims that "none of the parties who allegedly did not consent as of the time of the Notice of Removal was filed could assert claims against plaintiffs." (Def.'s Opp. at 5.) In this action, Pacific seeks coverage as an additional insured under policies issued by Evanston and National Union for the underlying action brought by Hernandez against Pacific and others. In the Complaint, plaintiffs assert causes of action against Evanston, National Union, and Falcon. (Complaint ¶¶ 51-104.) However, plaintiffs do not assert any cause of action against Hernandez. As the underlying personal injury claimant, Hernandez is merely a nominal defendant in this insurance coverage action. Therefore, Hernandez's consent to removal was not required.

However, Evanston has failed to carry its burden of showing that National Union is a nominal party. Evanston states that National Union could not "assert claims against plaintiffs." (Def.'s Opp. at 5.) In addition, Evanston

---

[2] Falcon's consent was not required because it had not been served at the time Evanston's removal petition was filed. Therefore, the Court need not consider whether Falcon is a nominal party.

8

claims that "National Union has denied that its policy provides any coverage to [Pacific]. As such, National Union has no interest in the dispute between Zurich and Evanston over whether Evanston or Zurich's policy is first triggered." (Def.'s Opp. at 6.) Contrary to Evanston's assertions, National Union need not be able to assert a counter-claim in order to be considered more than a nominal party. Plaintiffs' assertion of a valid cause of action against National Union is sufficient. See Zerafa, 403 F. Supp. 2d at 325. Indeed, plaintiffs' claims against National Union are nearly identical to the claims asserted against Evanston. (Compare Complaint ¶¶ 51-67, with Complaint ¶¶ 68-84, and Complaint ¶¶ 85-98.) Further, National Union's denial of coverage does not render it a nominal party. To the contrary, its denial of coverage is indicative of one of the issues in dispute in this action. Therefore, none of the exceptions to the rule of unanimity apply to National Union and its timely consent to removal was required.

Evanston's argument that it was not able to obtain unanimous consent within the required time period "due to the short time frame between this case being assigned to this firm, and the notice being due," (Def.'s Opp. at 6), is unpersuasive. Evanston states that counsel was assigned

9

to the case at the end of November 2006. (Def.'s Opp. at 6; Sklar Aff. ¶ 7.) Therefore, contrary to Evanston's assertions, counsel had ample time to obtain National Union's consent within the required thirty-day period. Nonetheless, counsel did not even seek consent from National Union until December 26, (Gondiosa Aff. Ex. I), which was several weeks after the notice of removal was filed and nearly a week after the time for unanimous consent had expired. In sum, Evanston was required to obtain National Union's consent to removal within the thirty-day period, it had sufficient time to obtain timely consent, and yet, it failed to do so.[3] Therefore, plaintiffs' motion to remand is hereby GRANTED and this action is remanded to the Supreme Court for the State of New York, County of New York.

28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Nonetheless, the Court declines to require Evanston to pay costs and expenses incurred as a result of

---

[3] Evanston's submission to the Court -- on January 23, 2007 in opposition to this motion -- demonstrating National Union's consent to removal, (Sklar Aff. Ex. C), is insufficient because it was provided well after the notice of removal was filed and the thirty-day period had expired. See Berrios, 1999 WL 92269, at *2 ("[R]emoval statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'"(quoting Leslie, 928 F. Supp. at 347)); see also Anglada, 2006 WL 3627758, at *1 (declining to adopt a "lenient theory of removal").

removal because Evanston had an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Therefore, plaintiffs' request for costs and expenses incurred as a result of the removal is DENIED.

## CONCLUSION

For the reasons set forth herein, plaintiffs' motion to remand is hereby GRANTED and this action is remanded to the Supreme Court for the State of New York, County of New York. Plaintiffs' request for costs and expenses incurred as a result of the removal is DENIED.

**SO ORDERED.**
**New York, New York**

February **13**, 2008

_____
U.S.D.J.